UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

T.L., individually
and
WILLIAM HOUSTON,
as next friend of the minor child,
T.L., ward of the District of Columbia,
1008 Pendleton Street
Alexandria, VA 22314

Washington, D.C. 20019

    Plaintiff

    v.

GOVERNMENT OF THE DISTRICT OF COLUMBIA:
A Municipal Corporation

    Defendant.

Serve:
Robert Spagnoletti,
Attorney General
District of Columbia
441 4th Street, N.W.
Washington, DC 20001

and

Mayor Adrian M. Fenty
Office of the Secretary
1350 Pennsylvania Avenue, N.W.
Washington, DC 20004

Case: 1:07-cv-00789
Assigned To : Friedman, Paul L.
Assign. Date : 05/01/2007
Description: CIVIL RIGHTS-NON. EMPLOY.

# COMPLAINT

## JURISDICTION

1.    Plaintiff brings this Complaint seeking relief from an adverse decision regarding the provision of a free appropriate public education, pursuant to the Individuals with

Disabilities Education Improvement Act ("IDEIA"), 20 U.S.C.§§ 1400 *et seq*. This Court has jurisdiction pursuant to 28 U.S.C.§§ 1331 and 1343; and pendant jurisdiction pursuant to 5 D.C.Mun. Regs.§§ 3000 *et seq*. Declaratory relief is authorized by 28 U.S.C.§§ 2201 and 2202.

2. Plaintiff is a court appointed educational advocate of a minor child, a ward of the District of Columbia. The minor child is a ward of the District of Columbia during the time of the underlying administrative proceedings.

3. Defendant is a municipal corporation. As one of its governmental functions, Defendant operates the District of Columbia Public Schools System ("DCPS"). DCPS is responsible for affording children with disabilities in the District of Columbia all rights pursuant to IDEA and is responsible for issuing checks in payment of reasonable attorneys' fees and costs incurred by the Plaintiffs in pursuing claims under IDEA.

## FACTS

4. T.L. is a seventeen year-old student who at the initiation of the administrative proceedings attended Ivymount School, in Rockville, Maryland.

5. Ivymount School is a private special education school whose students display various disabilities.

6. DCPS had been funding T.L.'s placement at Ivymount School.

7. On 1 May 2006, T.L., through his court appointed educational advocate, wrote the principal at Jefferson Junior High School requesting that DCPS conduct evaluations.

8. After 120 days, when DCPS did not respond to the request, T.L., through counsel, filed a due process hearing complaint on 14 September 2006.

9. DCPS never filed a reply or convened a resolution meeting in response to the complaint, as required by IDEIA. In fact, DCPS never responded at all.

10. DCPS convened an administrative due process hearing on 12 January 2007.

11. T.L., through counsel, argued that DCPS had committed a procedural violation of 34 C.F.R. Section 300.303 in that DCPS did not comply with his request for reevaluation.

12. Furthermore, T.L., through counsel, argued that the violation committed by DCPS constituted a violation of IEAIA and therefore a denial of Due Process.

13. Hearing Officer DuBow indicated that he did not want to order testing without proof that it was necessary.

14. T.L., through counsel, argued that he met his burden of proof by showing that he requested the testing and DCPS failed to respond. The Hearing Officer, however, never allowed the parties to get past the issue of whether the evaluations were necessary.

15. On 19 January 2007, Hearing Officer DuBow issued a Decision and Order holding that Petitioner failed to meet his burden of proof that there was a denial of FAPE and therefore the 14 September 2006 complaint was dismissed.

## COUNT I

16. Plaintiff repeats and realleges paragraphs 1 - 15.

17. Hearing Officer DuBow erred in determining that the requested evaluations were not necessary. According to 34 C.F.R. Section 300.303,

> A public agency must ensure that a reevaluation of each child with a disability is conducted in accordance with 300.304 through 300.311 -
>
> (1) if the public agency determines that the educational or related services needs,

3

including improved academic achievement and functional performance, of the child warrant a reevaluation; or

(2) If the child's parent or teacher requests a reevaluation

Nothing in the regulations requires the parent to provide a reason for requesting a reevaluation, and in fact a reevaluation cannot be conditioned on the parent providing a reason for the request. If the public agency does not believe a reevaluation is needed, the regulations are clear that the public agency must provide the parents with written notice of the agency's refusal to conduct a reevaluation. Once the parent meets his burden of showing that the evaluations were requested, the burden shifts to DCPS to prove that they issued a proper notice of refusal to conduct the evaluations. Nothing in the Act allows the Hearing Officer to rely on his own opinion as to whether the evaluations are necessary.

## COUNT II

18. Plaintiff repeats and realleges paragraphs 1 - 17.

19. Hearing Officer DuBow erred in holding that the procedural violations did not amount to a denial of FAPE. According to 34 C.F.R. Section 300.513(2),

> In matters alleging a procedural violation, a hearing officer may find that a child did not receive a FAPE only if the procedural inadequacies - (i) Impeded the child's right to a FAPE.

The Hearing Officer assumed that there was no denial of FAPE simply because the student was already in a full-time special education placement. However, every program, even full-time programs, need to educate each student according to his or her individual

need. Without updated evaluations, the MDT cannot know this student's needs, and therefore it is unclear whether the student's right to FAPE has been impeded.

### COUNT III

20. Plaintiff repeats and realleges paragraphs 1 - 19.

21. Hearing Officer DuBow erred in finding that the procedural violations committed by DCPS were harmless. T.L., through counsel, requested DCPS to conduct evaluations, and DCPS failed to respond to that request. Furthermore, DCPS failed to either respond to the complaint filed by T.L. or hold the requisite resolution meeting. The procedural requirements of IDEIA are to ensure that the child's rights are protected. While the Hearing Officer relied on case law for the proposition that harmless procedural violations do not deny FAPE, the Supreme Court has held that the procedural safeguards should not be overlooked. The refusal of DCPS to adhere to the procedural requirements of the Act were not harmless and amounted to a denial of due process.

**WHEREFORE**, Plaintiff respectfully requests this court to:

1. Issue a judgment for Plaintiff and against Defendants on all aforementioned counts;

2. Order that the 19 January 2007, Hearing Officer's Decision be reversed, finding a violation of IDEIA and a denial of due process.

3. Order that DCPS fund an independent Clinical Psychological Evaluation; Psycho-educational Evaluation; Psychiatric Evaluation; Speech and Language

Assessment; Neuropsychological Evaluation; and any other evaluation the assessors deem necessary.

4. Order that DCPS convene a multi-disciplinary team meeting to discuss the evaluations within ten (10) days of completion of the evaluations.

5. Order that DCPS provide one year of compensatory education.

6. Order an award of attorneys fees and costs to Plaintiff; and

7. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

William E. Houston, Esq.
D.C. Bar No. 450223
Dalton, Dalton, & Houston, P.C.
6303 Little River Turnpike, Suite 310
Alexandria, Virginia 22312-5045
(703) 941-4455 (O)
(703) 642-3101 (F)

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
ENFORCEMENT AND INVESTIGATION DIVISION

SPECIAL EDUCATION DUE PROCESS HEARING

CONFIDENTIAL

## HEARING OFFICER'S DETERMINATION

STUDENT: T____ L____   DATE OF BIRTH: 7/22/89

ADDRESS: 400 6th Street, S.W.
Washington, D.C.

PRESENT SCHOOL ATTENDING: Ivymount School, Rockville, Md.
HOME SCHOOL: Jefferson J.H.S.

DATE OF HEARING: January 12, 2007

Student's Representative: William Houston, Esq.
Address: 1008 Pendleton Street
Alexandria, Va. 22314
FAX: 703-739-2323

School System's Representative: Quinne Harris-Lindsey, Esq.
Address: 825 N. Capitol Street, N.E., Washington, D.C. 20002

INTRODUCTION:

A hearing was held at the District of Columbia Public Schools (DCPS), 825 N. Capitol Street, N.E., Washington, D.C. 20002, on January 12, 2007, at the request of William Houston, counsel for the student, a ward of the District of Columbia. Quinne Harris-Lindsey represented DCPS, the other party to this hearing.

JURISDICTION:

The hearing was held and this decision was written pursuant to the Individuals with Disabilities Education Act (IDEA) (P.L. 101-476), reauthorized as the IDEA Improvement Act of 1997 (P.L. 105-17) 20 U.S.C. 1400 Et. seq; further reauthorized as the IDEA Improvement Act of 2004 (P.L. 108-446); and their current regulations, specifically the Code of Federal Regulations at 34 CFR Part 300 and District of Columbia Municipal Regulations, Chapter 30, Education Handicapped, Title V, Sections 3000-3099.

ISSUE:

1. Did DCPS deny a Free Appropriate Public Education (FAPE) to the student by failing to conduct the following evaluations: a clinical psychological, a psycho-educational, a psychiatric, speech and language, and neuropsychological?

DOCUMENTS SUBMITTED INTO EVIDENCE BY DCPS:

DCPS-1 (HOD of July 28, 2006)

DOCUMENTS SUBMITTED INTO EVIDENCE BY STUDENT:

TL-1-TL-2

FINDINGS OF FACT:

1. The student is a seventeen-year-old who has been found eligible for special education services by DCPS with the disability classification of multiple disabilities. The student has been placed and funded by DCPS at Ivymount School, a private day special education school for several years. (DCPS-1)

2. On May 1, 2006, counsel for the student sent a letter to the principal of Jefferson J.H.S. requesting DCPS to conduct several re-evaluations including a clinical psychological, psycho-educational, psychiatric, speech and language, and neuropsychological. The letter stated the student is attending Ivymount School. (TL-2)

2

3. Counsel for the student concedes that Ivymount School is providing educational benefits to the student and there is no denial of a FAPE.

## DISCUSSION AND CONCLUSIONS OF LAW:

Counsel for the student did not call any witnesses and rested on the documents it submitted into evidence. Counsel for the parent had failed to meet his burden of proof pursuant to 3030.3 of *Title V* of the *D.C. Municipal Regulations* which places the burden of proof on the party seeking relief that DCPS denied a FAPE to the student. Counsel for the student argues there is a procedural violation of 34 C.F.R. Section 300.303 in that DCPS did not comply with his request for reevaluations. The *2004 Improvement Act* and its Regulation at 34 C.F.R. Section 300.513 requires that "In matters alleging a procedural violation, a hearing officer may find that a child did not receive a FAPE only if the procedural inadequacies – (i) Impeded the child's right to a FAPE; (ii) Significantly impeded the parent's opportunity to participate in the decision-making process regarding the provision of a FAPE to the parent's child; or (iii) Caused a deprivation of educational benefit." None of those conditions have been met here. In *Kingsmore v. District of Columbia*, No. 05-7156, (September 29, 2006), The U.S. Court of Appeals for the District of Columbia has recently reiterated that procedural violations of IDEA that are harmless do not deny a FAPE.: "this Court joined the majority of other circuits in ruling that a claim based on a violation of IDEA's procedural requirements 'is viable only if those procedural violations affected the student's substantive rights.' *Lesesne v. District of Columbia*, 447 F.3d 828, 834 (D.C. Cir. 2006) This Court denied relief to the plaintiff in *Lesesne* because she failed to demonstrate 'that [the student's] education was affected by any procedural violations DCPS might have committed.' *Id*. Counsel for the student concedes that the student is receiving educational benefits at his current placement of Ivymount School and that there is no denial of a FAPE in this case. It should also be noted that counsel for the student sent his request for reevaluations to the student's home school that the student had not attended for several years instead of to the DCPS monitor for Ivymount School.

It is hereby ORDERED that:

1. Counsel for the student's request for relief is DENIED and the case is DISMISSED.

This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 90 days of the rendering of this decision.

Seymour DuBow, Esq.
Impartial Hearing Officer
Date Issued: 01/19/07

Date filed: January 19, 07

3

Family Court
ENTERED ON

FEB 2 3 2006

Superior Court
of the District of Columbia
Washington, D.C.

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
FAMILY DIVISION

IN THE MATTER OF:

T       L         ,            )        N-529-04    SF No. 001545
                               )        Date of Birth: 22 July 1991
____Respondent._____  )

## ORDER

Upon consideration of the record in this case and the Motion of the Guardians ad Litem for the Respondent T    L    requesting the appointment of a Special Education Advocate, it is this 23rd day of February, 2006 hereby:

**ORDERED** that the Movant's Motion is **GRANTED**. It is hereby

**FURTHER ORDERED** that William E. Houston, Esquire, specially trained educational advocate and member of the District of Columbia Bar is appointed as Counsel for Educational Purposes for T    L    in the above case to facilitate and determine the education needs of the respondent and to insure that he is properly placed and it is

**FURTHER ORDERED** that all District of Columbia agencies, including the District of Columbia Public Schools, are hereby directed to provide copies of any and all records, including educational records, to Mr. Houston or his designee, upon request; and it is

**FURTHER ORDERED** that the Mr. Houston is authorized to attend, participate in, and provide reports in connection with any court hearing held in this case; and it is

DCDOCS/646602.2

FURTHER ORDERED that Mr. Houston is authorized to investigate fully the facts of the case, to review both the case and social records pertaining to this case, subject to the provisions of D.C. Code, to review and obtain copies, if necessary, of respondent's educational records, medical records, social worker reports, psychiatric and psychological evaluations, as well as any other relevant evaluations and/or records necessary to the performance of the Education Advocate's duties; and it is

FURTHER ORDERED that Mr. Houston is appointed as a Guardian, Limited for Educational Purposes for T___ L___ in order to authorize testing, screening, and whatever else is necessary to perform the duties incidental to this appointment; and it is

FURTHER ORDERED that for the purposes of billing the District of Columbia Public Schools this matter is hereby certified as a Complex Litigation.

IT IS SO ORDERED.

_____
Magistrate Judge DC Superior Court

Copies to:

Jennifer Johnson, Esq.
Assistant Attorney General
Child Protection Section
400 Sixth Street, SW, Office 5030
Washington, DC 20024

07-0789
RCL

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
William Houston

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

PRO SE (NTD)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

## DEFENDANTS
Government of the DC, et al.,

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Case: 1:07-cv-00789
Assigned To : Friedman, Paul L.
Assign. Date : 05/01/2007
Description: CIVIL RIGHTS-NON. EMPLOY.

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
(FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☒ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☒ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ Multi district Litigation   ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
42 USC 1983

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23   DEMAND $ 0   Check YES only if demanded in complaint JURY DEMAND: ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction) ☐ YES ☐ NO   If yes, please complete related case form.

DATE   SIGNATURE OF ATTORNEY OF RECORD
NCD

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd